Case 4:15-cv-02407   Document 14   Filed in TXSD on 01/19/16   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 20, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE LUIS BERNAL, § | |
|     Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO: H-15-2407 |
| § | |
| WILLIAM STEPHENS, § | |
|     Director of the Texas Department § | |
|     of Criminal Justice - Correctional § | |
|     Institutions Division, § | |
|     Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Jose Luis Bernal's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for a report and recommendation (Dkt. 5). Having considered the parties' submissions and the law, the court recommends that respondent's motion for summary judgment (Dkt. 11) be granted and the petition be denied with prejudice.

### Background

Bernal pled guilty to indecency with a child in a plea agreement that did not contain a sentencing recommendation. After a hearing, the court sentenced him to seven years in prison. His appeal was dismissed on his own motion on May 15, 2004. He did not seek further direct review. Bernal filed a state application for writ of habeas corpus on March 10, 2015, which the Texas Court of Criminal Appeals denied on July 29, 2015. Bernal filed this federal petition for writ of habeas corpus on August 14, 2015.

### Legal Standards

Bernal's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA). Section 2254 sets forth a highly deferential standard for

reviewing state court habeas rulings. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Bernal is not entitled to federal habeas relief on his claims that were adjudicated on the merits in state court unless the state court adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In addition, habeas relief is not available unless the applicant has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, the petitioner must fairly present the substance of his federal habeas claim to the highest state court. *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008).

## Analysis

Bernal asserts (1) that he received ineffective assistance of counsel because his trial attorney did not object that his sentence violates the Eight Amendment; (2) the evidence is insufficient to support his guilty plea; (3) the indictment was invalid; (4) his guilty plea was coerced.

***Exhaustion and the procedural bar.*** Bernal did not raise on appeal or on habeas review his claims that counsel was ineffective for not objecting based on the Eighth Amendment and that the evidence was insufficient. In fact, his state habeas application made

only a conclusory allegation that counsel failed to provide an adequate defense because he never objected, but did not explain what type of objection was appropriate. Because the Texas Court of Criminal Appeals would find these two claims procedurally barred if he tried to raise them now, federal review is precluded. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

***Effect of guilty plea.*** Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983). The only one of Bernal's claims that attacks the voluntariness of his plea is his fourth claim of coercion. All other claims must be dismissed based on his guilty plea.

***Invalid indictment.*** The insufficiency of an indictment does not state a claim for federal habeas relief unless the indictment is so defective that the trial court lacked jurisdiction. *Uresti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987). Bernal's contention that there was insufficient evidence to convict him does not render the indictment defective. Moreover, the state habeas court reviewed this claim and rejected it. There is no grounds for relief on this basis.

***Coercion.*** A plea cannot stand when it is the product of "actual or threatened physical harm or by mental coercion overbearing the will of the defendant." *Brady v. United States*, 397 U.S. 742, 751 (1970); *Jones v. Estelle*, 584 F.2d 687, 690 (5th Cir. 1978). Bernal alleges nothing of the sort. He alleges only that the evidence against him was insufficient and his

counsel nonetheless pressured him to plead guilty. His allegations are insufficient to renter his plea involuntary. The state habeas court rejected this claim and there is no basis under AEDPA for overriding that decision.

**Conclusion**

For the reasons discussed above, the court recommends that Bernal's petition for writ of habeas corpus be denied with prejudice.

The court further finds that Bernal has not made a substantial showing either that he was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on January 19, 2016.

Stephen Wm Smith
United States Magistrate Judge